UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| SFMB MANAGEMENT, LLC<br><br>      Plaintiff,<br><br>  vs.<br><br>STARR SURPLUS LINES INSURANCE COMPANY<br><br>      Defendant. | Civil Action No. _____<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) BY DEFENDANT STARR SURPLUS LINES INSURANCE COMPANY** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO: **THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant, Starr Surplus Lines Insurance Company, through its undersigned counsel, hereby removes the instant action from the Supreme Court of the State of New York, New York County (the "State Court Action"), to the United States District Court for the Southern District of New York.

This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between SFMB Management, LLC and Starr, and the amount in controversy exceeds $75,000, exclusive of interest and costs. The grounds for removal are set forth in more detail below.

## THE STATE COURT ACTION

1. SFMB commenced the State Court Action with the filing of a Complaint on May 14, 2021 in the Supreme Court of the State of New York, New York County (Index No. 653203/2021). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Starr in the State Court Action is attached as Exhibit 1.

2. SFMB alleges that an insurance policy issued by Starr bearing policy number SLSTPTY11178619, and attached to the Complaint as Exhibit A, insures for actual loss of business income, civil authority, ingress/egress, leasehold interest, and extra expense losses sustained at nine bars owned by SFMB caused by the COVID-19 pandemic and the related Florida Civil Authority Orders. (See Ex. 1, Compl. at ¶¶ 1, 16, 66-67).

3. According to the Complaint, SFMB's business loss occurred when the State of Florida and its various counties issued orders requiring that SFMB's businesses close (See Ex. 1, Compl. at ¶ 16).

4. The Complaint also alleges that the presence of COVID-19 has been found at SFMB's various restaurants. (See Ex. 1, Compl. at ¶ 16).

5. The Complaint contains three Counts.

6. The first Count (Breach of Contract) alleges that the Starr, by denying SFMB's claim for coverage, breached the terms of the Policy. (See Ex. 1, Compl. at ¶ 62-69).

7. The second Count (Breach of the Implied Covenant of Good Faith and Fair Dealing) pleads the same facts as SFMB's breach of contract claim and – as a separate cause of action – seeks extra-contractual damages. (See Ex. 1, Compl. at ¶ 70-76).

8. The third Count (Declaratory Judgment) seeks a declaration that, *inter alia*, SFMB's losses incurred in connection with various civil authority orders and interruption of its businesses stemming from the COVID-19 pandemic are insured losses under the Policy, and that Starr is obligated to pay SFMB for the full amount of such losses. (See Ex. 1, Compl. at ¶ 84).

9. On or about May 19, 2021, Starr was served with the Summons and Complaint.

10. This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days after a copy of the initial pleading setting forth the claim for relief upon which this action is based was served on Starr.

11. Additionally, this Notice of Removal is being filed within one (1) year from commencement of the action as required by 28 U.S.C. § 1446(c)(1).

12. Upon filing the Notice of Removal, Starr will furnish written notice to SFMB's counsel, and will file and serve a copy of this Notice with the Clerk of the Supreme Court of the State of New York, New York County, pursuant to 28 U.S.C. § 1446(b).

## JURISDICTION

I. **Diversity of Citizenship Exists Between SFMB and Starr**

13. SFMB and Starr are citizens of different state for purposes of diversity jurisdiction.

14. SFMB is a Florida limited liability company with its principal place of business in Tampa Bay, Florida. (See Ex. 1, Compl. at ¶ 8).

15. Pursuant to Local Civil Rule 81.1, the partners and/or members of SFMB are unknown to Starr.

16. Starr is a Texas corporation with its principal place of business in New York, New York.

17. Based on the above, SFMB is a citizen of the State of Florida and Starr is a citizen of the states of Texas and New York for purposes of evaluating diversity jurisdiction under 28 U.S.C. § 1332. Accordingly, complete diversity of citizenship exists between the SFMB and Starr.

II. **The Amount in Controversy Requirement is Satisfied**

18. The Complaint seeks, *inter alia*, judgment "in favor of [SFMB] and awarding damages for breach of contract in an amount to be determined at trial," and that Starr is obligated to pay for SFMB's "losses incurred in connection with the Closure Orders and the necessary interruption of their businesses stemming from the COVID-19 pandemic are insured losses under the policy." (See Ex. 1, Compl. at p. 19).

19. In connection with SFMB's claim submission, SFMB represented that it sustained business income losses beginning March 1, 2020 and continuing "until this day" in the amount of at least $2,361,000. (See Ex. 2, July 20, 2020 email at p. 1).

20. Subsequently, SFMB's Florida attorneys stated that SFMB's losses amounted to $18,244,219.00. (See Ex. 3, Feb. 23, 2021 Letter at p. 3).

21. Based on these documents, it appears that the amount in controversy is at least $2.3 million, which exceeds the $75,000 threshold as set forth in 28 U.S.C. § 1332(a) for this Court to exercise jurisdiction.

III. **Removal is Timely Filed**

22. Starr was served with the Complaint on or about May 19, 2021, and has timely filed this Notice of Removal within 30 days of service.

IV. **Venue**

23. This action was originally filed in the Supreme Court of the State of New York, New York County, which sits in this federal judicial district and division, rendering venue proper. 28 U.S.C. § 1441(a).

## **CONCLUSION**

24. For the foregoing reasons, Starr respectfully states that this Action, previously pending in the Supreme Court of the State of New York, New York County, is properly removed to this Court.

Dated: New York, New York
June 8, 2021

By: /s/ Jeffrey S Weinstein
Jeffrey S Weinstein (JW-2619)
Craig R Rygiel  (CR-5702)
Samuel B Weiss (5650601)

Mound Cotton Wollan & Greengrass LLP
One New York Plaza, 44th Fl.
New York, New York 10004
Tel: (212) 804-4200
jweinstein@moundcotton.com
crygiel@moundcotton.com
sweiss@moundcotton.com

*Attorneys for  Starr Surplus Lines Insurance Company*